# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST       )
FROM ARGENTINA            )
IN THE MATTER OF BEATRIZ V. AMERICAN )     Misc. No. 07-
INTERNATIONAL GROUP       )

## GOVERNMENT'S MEMORANDUM OF LAW
## IN SUPPORT OF APPLICATION FOR ORDER

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Argentina. A copy of the translation is attached.

FACTUAL BACKGROUND:

Litigation is being conducted before the Labor Court Number 79 in Buenos Aires, Argentina. The litigation relates to an employment dispute.

EVIDENCE SOUGHT:

The Argentine authorities seek information from a company that resides in this District. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

(a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and

take the testimony or statement.  The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing.  To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in _In Re Request for Judicial Assistance from the Seoul District Criminal Court_, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, " (t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." _In Re Letter of Request from the Crown Prosecution Services of the United Kingdom_, 870 F.2d 686, 687 (D.C. Cir. 1989). The letter of request in this case shows that

the information sought is for use in such proceedings in Argentina and hence the request comes well within those circumstances

contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: _____

David L. Hall
Assistant U.S. Attorney
1007 N. Orange Street
Wilmington, DE    19801
(302) 573-6277

Dated: 3/22/07

*TRANSLATION – TRADUCCIÓN PÚBLICA* ------------------------------

[*At the top, there is an illegible round dry seal bearing the Argentine Shield, also appearing in the second page of the source document. On the right-hand top corner, there is an illegible oval seal.*] ----------------------------------------------------------------------

## LETTERS ROGATORY ------------------------------------------------------

Buenos Aires, October [*hand-written:* "9th"], 2006. -------------------------

MS. BEATRIZ FONTANA, NATIONAL JUDGE OF ORIGINAL JURISDICTION ON LABOUR MATTERS, SITTING AT TRIAL COURT NUMBER 79 OF THE FEDERAL CAPITAL, ARGENTINE REPUBLIC, SOLE CLERK'S OFFICE WHERE ATTORNEY ARIADNA CEREZA SITS. ---------------

TO THE COMPETENT JUDGE HAVING APPROPRIATE JURISDICTION AND VENUE IN THE CITY OF WILMINGTON, UNITED STATES OF AMERICA.----------------------------------------------------------------------

HEREBY GREETS, PETITIONS AND MAKES KNOWN AS FOLLOWS:

Whereas, in this Labor Court of Original Jurisdiction in and for the city of Buenos Aires number 79, of the Federal Capital, Argentine Republic, where Judge **Beatriz Fontana** sits, Sole Clerk's Office where Attorney **Ariadna Cereza** sits, sited at street Tte. General J. D. Perón 974/90, 6th floor, an action entitled "**STAGNARO CECILIA BEATRIZ c/AMERICAN INTERNATIONAL GROUP Y OTROS s/Despido**" [*"STAGNARO CECILIA BEATRIZ vs. AMERICAN INTERNATIONAL GROUP AND OTHER on Dismissal"*] (Record number 13,186/03) is pending, wherein the undersigned is competent by virtue of matter and jurisdiction. To the effect hereof, the case is briefly accounted: The Plaintiff states that **AMERICAN INTERNATIONAL GROUP INC (AIG)** is a leading international organization specialized in insurances and financial services, with

1

headquarters in the United States of America, and that ALICO (AMERICAN LIFE INSURANCE COMPANY) is a member company of AIG, with headquarters in Wilmington, Delaware, United States of America, its core business also being life and other insurances. Pursuant to the Plaintiff's statements, Ms. Cecilia Beatriz Stagnaro Frías started working with the aforementioned group on April 1st, 1985, being promoted on July 1st, 2000, to Argentina as General Manager of Alico Cía. de Seguros de Vida S.A. and Alico Cía. de Seguros de Retiro. She claims that the employment relationship was terminated on August 13th, 2002, upon an arbitrary change in working conditions, and a verified dismissal, as confirmed by telegraphic exchange dated August 16th, 2002. -------------------------------------------------------------------

As a result wherefrom, Ms. Stagnaro Frías has instituted court proceedings claiming the following indemnifications: a) Seniority compensation: $ 1,871,298.-; b) Advance notice: $ 207,922.-; c) Thirteen salary [SAC] on advance notice: $ 17,327.-; d) Thirteen salary – 2nd semester: $ 51,980.-; e) Salary month of August: $ 62,375.-; f) Payment month of dismissal: $ 45,050.-; g) Thirteen salary on payment month of dismissal: $ 3,755.-; h) Owed vacations: $ 249,506.-; i) Thirteen salary on owed vacations: $ 20,792.-; j) 2002 year-end bonus: $ 27,750.-; k) Thirteen salary on year-end bonus: $ 2312.50; l) SICO [*as an abbreviation, "SICO" stands for STARR INTERNATIONAL COMPANY, and appears to be a special benefit*]: $ 22,200.-; ll) Thirteen salary on SICO: $ 1850.-; m) Thirteen salary on SICO years 2001, 2002: $ 3700.-; n) Law 25,323: $ 1,072,676.-; ñ) Law 25,561: $ 2,415,650.-; o) Law 25,345; p) Moving and ticket costs: $ 27,572.- All of which totals $/US$ 6,103,718.- In their answer, the Defendants argue that the mutual rescission occurred on August 21st, 2002, due to the Plaintiff's task

2

abandonment. ------------------------------------------------------------------------

In the aforementioned case, this instrument was ordered to be issued for the purpose of requesting the competent judge having appropriate jurisdiction and venue in the city of Wilmington, Delaware, United States of America, to summon a hearing in order that the legal representative of ALICO, domiciled at One Alico Plaza 660, KingStreet, Wilmington, Delaware, United States of America, provides sworn answers to the interrogatories (confession), and acknowledges the documents shown to him and attached hereto, in accordance with the following questions: ---------------------------------------------------------

To acknowledge under oath: ------------------------------------------------------------

i) That ALICO is a subsidiary of AIG (American International Group, Inc.). ----

ii) That ALICO is the main shareholder of Alico Cía. de Seguros S.A. -------------

iii) That ALICO subscribed the Plaintiff's transfer contract to Argentina, pursuant to the document shown unto him. ----------------------------------------------

iv) The Plaintiff does hereby reserve the right to ask further questions. ------------

Attached to the letters rogatory herein is a copy of letter dated June 20th, 2000, consisting of three pages. -------------------------------------------------------------------

Hereby authorized to expedite and serve the aforementioned questionnaire is Attorney Richard W. Cutler, domiciled at 60 Madison Ave, Suite 1004, New York, and/or whoever he may appoint. -------------------------------------------------------

May God preserve Your Honour. ------------------------------------------------------

[Below, an illegible signature is followed by a seals reading: "BEATRIZ INÉS FONTANA. National Judge"]. -----------------------------------------------------------------------

[NEXT PAGE]. ----------------------------------------------------------------------------

[As a header: "National Judiciary". On the left margin, there is an illegible signature and a

3



*seal reading*: "CLAUDIO M. RIANCHO, Vice-secretary General"]. ------------------

The undersigned, Chief Justice of the Labour Court of Appeals in and for the city of Buenos Aires of the Federal Capital, Republic of Argentina, does hereby certify that the foregoing signature of Judge **Beatriz Fontana** is genuine, and similar to the one kept on file in the Office of the Attorney General, in her capacity as Labour Court Judge of Original Jurisdiction, sitting at Trial Court Number 79. In Buenos Aires, on this tenth day of the month of October of the year 2006. ------------------------------------------------------------------------

*[There is an oval seal of the Labour Court of Appeals in and for the city of Buenos Aires, bearing the National Shield. An illegible signature is followed by a seal that reads: "OSCAR N. PIRRONI, Chief Justice"].* -------------------------------------------------------

*[The remaining pages attached to the letters rogatory are not part of this translation].* ----------

------------------------------------------------------------------------------------

*I, a duly sworn translator, do hereby certify that this is a true translation into English of the pertinent portions of the document in Spanish, which I have had before me and attach hereto. In Buenos Aires, on this seventeenth day of the month of October of the year two thousand and six.* **ES TRADUCCIÓN FIEL** *al idioma inglés de las partes pertinentes del documento adjunto, redactado en idioma español, que he tenido a la vista y al cual me remito.* **EN FE DE LO CUAL** *estampo mi firma y sello; en Buenos Aires, a diecisiete de octubre de dos mil seis.* --------

**LAURA SILVINA FLORIA**
TRADUCTORA PUBLICA NACIONAL
IDIOMA INGLES
CAPITAL FEDERAL
TOMO X FOLIO 357
MATRICULA 3033

COLEGIO DE TRADUCTORES PUBLICOS
DE LA CIUDAD DE BUENOS AIRES
Corresponde a la **Legalización**

N° T4- 22562/06

MONICA TERESITA CASERES





June 20, 2000

Ms. Cecilia Stagnaro
Santiago, Chile

RE:    *Transfer to Buenos Aires, Argentina*

Dear Cecilia:

We are pleased to confirm your assignment with ALICO Compañía de Seguros S.A. in Buenos Aires. Your title will be Vice – President & General Manager and you will report directly to me. The effective date of your assignment will be July 1, 2000.

**Salary**
Your annualized salary will be US$180,000. Your salary will be reviewed on the year-end cycle, beginning with December 2000. Salary increases are based on work performance and will be given at the Company's discretion.

Your salary will be paid 70 in local currency and 30 percent in U.S. dollars from our international payroll in Bermuda. This salary split may be subject to change with management's approval based on considerations such as your personal financial obligations outside of Argentina, U.S. Tax Equalization, and other tax and non-tax issues that may arise.

**Bonus**
At year-end, you may be eligible for a year-end bonus and/or stock options based on your work performance and granted at the Company's discretion.

**COLA**
In addition to your base salary, you will also receive a monthly cost of living allowance (COLA) which will be based on your salary and family size. This is in accordance with AIG policy and is subject to changes in the following: family size, salary, exchange rate fluctuations, and new cost of living survey data. The estimated COLA for Argentina, based on your family status (i.e., employee only) and salary, is currently US$2,180.00 a month. Your COLA payment for Argentina will begin July 1, 2000 and will be paid with your Bermuda salary payment.

**Housing**
You will pay 12.5 percent of your annual base salary toward your housing costs; the company will pay the remainder. Your housing deduction will be withheld from the local portion of your pay. Final housing arrangements are subject to prior approval by me.

**Household and Personal Effects Shipment**
Standard AIG Shipping and Storage Policy will apply to the movement of your household and personal effects to your assignment.

SUSANA C. MENENDEZ
ABOGADA
T° 24 · F° 362
C.P.A.C.

- *1*-



**Transfer Allowance**
You will be paid a transfer allowance of US$5,000 through our international payroll in Bermuda upon your transfer to Argentina.

**Utilities and Other**
Charges for utilities (e.g., water, gas, electricity) at your residence will be paid by the Company. Your private home telephone and all personal telephone calls will be your responsibility; however, the Company will reimburse you for the cost of all long distance and international business calls.

**Home Leave**
You are eligible for four weeks (20 working days) of Home Leave annually. The Home Leave allotment of 20 days includes travel time. Home Leave is in lieu of all other vacation entitlements under AIG policy. The timing of your home leave must be coordinated and approved by Alex Fernández. Upon taking leave, you will be provided with round trip tourist class airfare via the most direct route to your home in Chile. All airfares for Home Leave must be purchased through the Company. Cash will not be provided in lieu of the Home Leave air entitlement.

**Insurance and Benefits**
You will be entitled to the standard AIG benefits package including Major Medical, Life Insurance, Supplementary Life, Personal Accident, Long Term Disability, Incentive Savings Plan, and AIG Pension Plan in accordance with the rules of those plans and your current enrollment status.

**Taxes Equalization**
You will be covered under the Company's Tax Equalization Program. The Company has engaged PricewaterhouseCoopers to assist you in the completion of your tax returns. The Company will provide the following services: home and host country tax returns, as well as pre-assignment and in-country consultations. All other services are for your own account. The following hypothetical taxes will be deducted from your pay each month: a hypothetical social security tax based on Chile, Argentina or U.S. social security rates (whichever is lowest), and a hypothetical income tax based on U.S. federal income tax rates. The Company will reimburse you for any local taxes withheld from your pay in Buenos Aires. However, it is up to you, of course, to declare and pay income tax to the Government authorities concerned.

**Employment: Termination and Other**
This appointment is not a guarantee of employment, and this letter is not considered to be a contract. In the event of unsatisfactory service, you may be subject to termination in accordance with Corporate termination procedures. In this event, you will be repatriated to your home in Chile. Should you choose to resign during this appointment period, all benefits will cease on your resignation date and repatriation to your home will be on your own account.

SUSANA C. MENENDEZ
ABOGADA
T° 24 · F° 362
C.P.A.C.

2



Finally, this offer is contingent upon securing the necessary work permits and visas that will allow you to work in Argentina. The Company will assist you with this process.

Sincerely,

Alex Fernandez
President
ALICO – Latin America

Please signify your acceptance and understanding of the above by signing below and returning the signed copy to my attention at the address above:

_____
Cecilia Stagnaro

01 / July / 2000
Date

cc:     T. Suárez
        V. Brown

SUSANA C. MENENDEZ
ABOGADA
Tº 24    Fº 362
C.P.A.C.

3

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST    )
FROM ARGENTINA       )
IN THE MATTER OF BEATRIZ   )  Misc No. 07-
AMERICAN INTERNATIONAL GROUP )
          ORDER

   Upon application of the United States of America; and upon examination of a letter of request from Argentina whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Argentina and the Court being fully informed in the premises, it is hereby

   **ORDERED**, pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from Argentine authorities as follows:

   1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

   2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party

shall be required);

       3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in Argentina, which procedures may be specified in the request or provided by the Argentine authorities;

       4. seek such further orders of this Court as may be necessary to execute this request; and

       5. certify and submit the evidence collected to the Office of International Affairs, Civil Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Argentine authorities.

       IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

       Dated:  This _____ day of _____, 2007.


_____
United States District Court Judge